UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

* * *

JOSEPH MANCINO and SANDRA MANCINO,
Husband and wife, and
NU-VENTURES, INC., a Michigan corporation,

      Plaintiffs,

v.

DAVID RODENBECK and PATRICIA
RODENBECK, husband and wife, and
MANCINO'S OF NORTHWEST
MICHIGAN, INC., a Michigan corporation,
d/b/a LAKESIDE PIZZA AND GRINDERS
d/b/a DAVIS BRIDGE PIZZA & GRINDERS
d/b/a MANCINO'S PIZZA & GRINDERS
OF FREMONT, MICHIGAN,
MANCINO'S OF BIG RAPIDS, LLC, a Michigan
Limited liability company, and
JOHN DOES,

      Defendants

Case No. 1:11-cv-1296

Hon. Paul L. Maloney

_____/

**Barry Kane (P45851)**
KANE & CO., PLC
Attorneys for Plaintiffs
29 Pearl Street, N.W.
410 Federal Square Building
Grand Rapids, MI 49503
616- 726-5905 (v)
616-726-5906 (f)
bkane@kaneplc.com

**W. Brad Groom (P31556)**
PARMENTER O'TOOLE
Co-Counsel for Plaintiffs
601 Terrace Street
P.O. Box 786
Muskegon, MI 49443
231-722-5404 (v)
231-722-5504 (f)
wbg@parmenterlaw.com

_____/

1

## CONSENT JUDGMENT

At a session of said court held in the City of Kalamazoo
On the 18th day of January, 2012
Hon. Paul L. Maloney

The Court having reviewed the parties' Stipulation To Entry Of Consent Judgment and the Court otherwise being duly advised in the premises;

Now Therefore It Is Hereby Ordered and Adjudged as follows:

1.      The name Mancino's, the mark Mancino's and/or the Mancino's logo shown in Attachment 1 hereto (hereinafter the "Logo") are hereafter collectively referred to as the "Mancino's Mark."

2.      Pursuant to the Agreements referenced herein below, Defendants may continue to use the Mancino's Mark in association only with restaurants at the following locations: [a] 5588 W. US-10, Ludington, Michigan ("Ludington"), [b] 544 S. State St., Big Rapids, Michigan ("Big Rapids") and [c] 1327 W. Main St., Fremont, Michigan ("Fremont"), all collectively referred to as the "Approved Locations."  Defendants may use the Mancino's Mark in the providing of and marketing of restaurant services for the Approved Locations, and including providing take-out and delivery of food items from the Approved Locations, provided such take-out and delivery sales are for consumption by a customer of the Approved Location (either with or without cooking by the customer), and not intended for resale or wholesale distribution.   The use by Defendants of any form of the Mancino's Mark, or any modifications thereto other than those set forth in Attachment 2, by Defendants in connection with the Approved Locations must be approved by Plaintiffs in writing, which will not be unreasonably withheld.

2

3.     Defendants shall pay to Plaintiffs a settlement amount totaling the sum of $35,000.00 in certified funds made jointly payable to Joseph Mancino, Sandra Mancino and Nu-Ventures, Inc. payable as follows:  Defendants shall ensure Parmenter O'Toole c/o W. Brad Groom, PO Box 786, Muskegon, Michigan 49443 receives an initial settlement payment of $17,500 no later than the date the Stipulation to Entry of Consent Judgment is executed, and Defendants shall ensure Parmenter O'Toole receives a final settlement payment of $17,500 no later than January 31, 2012.

4.     Defendants will immediately undertake steps to cease selling any food products intended for wholesale distribution, or otherwise intended for resale (e.g.  sales to convenient stores, grocery stores, gas stations, and kiosks)(hereinafter "Retail Sale") bearing the Mancino's Mark.  Retail Sale shall not be construed to include take-out or delivery sales from the Approved Locations, provided such take-out and delivery sales are for consumption by a customer of the Approved Location (either with or without cooking by the customer), and not intended for resale or wholesale distribution.  Complete cessation of selling food products intended for Retail Sale bearing the Mancino's Mark shall occur on or before January 31, 2012.

5.     Defendants will immediately undertake steps to cease using trucks with the Mancino's Mark other than in association with delivery sales for consumption by a customer of the Approved Locations (either with or without cooking by the customer) and not intended for resale or wholesale distribution.  Complete cessation of use of trucks with the Mancino's Mark other than in association with delivery sales for consumption by a customer of the Approved Locations (either with or without cooking by the customer) and not intended for resale or wholesale distribution shall occur on or before January 31, 2012.  Defendants shall only use vehicles bearing the Mancino's Mark for delivery of food items prepared at an Approved

3

Location to customers who have placed an order by telephone, facsimile, or via Internet to an Approved Location.

6.      Defendants will immediately undertake steps to cease using the mark "Gotta Grab A Grinder". Complete cessation of use of "Gotta Grab A Grinder" shall occur on or before January 31, 2012.

7.      Plaintiffs will not raise any objection to Defendants' continued use of the mark "Grab It & Go" unless the use of "Grab It & Go" is in combination with an additional name or mark that is itself in violation of this Consent Judgment.

8.      Except in connection with "Approved Locations," Defendants will immediately undertake steps to cease using the Mancino's Mark on paper and/or plastic products (including but not limited to cash register tapes, menu boards, coupons, advertising materials and menus), on product packaging (including but not limited to pizza boxes, bags, carrier trays, cups and similar items used or received by customers) and in electronic and digital media. Complete cessation of such activity, other than in connection with Approved Locations, will occur on or before January 31, 2012.

9.      As used herein, "Unapproved Locations" are restaurants at the following locations: [a] 20 Third Street, Pentwater, Michigan ("Pentwater"), [b] 20751 Eight Mile, Stanwood, Michigan ("Stanwood") and [c] 8412 100th Ave., Stanwood, Michigan ("Canadian Lakes"). On or before January 31, 2012, Defendants will remove all references wherever located (including but not limited to Defendants' website) that suggest or imply, directly or indirectly, that the Unapproved Locations are affiliated with, associated with or sponsored by any Mancino's restaurant or Plaintiffs. Defendants may use existing supplies of current menus at Approved Locations until July 31, 2012. Thereafter, Defendants' Approved Locations will not

4

endorse or reference the Defendants' Unapproved Locations. Defendants shall discontinue using menus bearing the Mancino's Mark at the Unapproved Locations on or before January 31, 2012.

10.     To the extent that any restaurant at the Unapproved Locations makes use of the Mancino's Mark for store front/street signage, or otherwise makes use of the Logo with the exception of the name in the word box for store front/street signage, Defendants shall immediately order changed store front/street signage for restaurants located at the Unapproved Locations and such changed signage shall not use the Mancino's Mark, regardless of the name of the restaurant in the word box. Changing of signage at the Unapproved Locations shall be completed on or before March 30, 2012. Defendants' restaurants located at the Approved Locations may continue to use the names and logos that Defendants have used at such locations, including the Mancino's Mark.

11.     Defendants agree that they will not open any new restaurant location anywhere that uses a mark that would be confusingly similar to the marks found in Attachment 3 hereto.

12.     Defendants represent and warrant that they solely own and operate the restaurant operations located at the Approved Locations and Unapproved Locations and have the authority to bind the Defendants and businesses to this Consent Judgment. Defendants represent and warrant that there are no other locations owned or operated by Defendants other than the restaurant operations located at the Approved Locations and Unapproved Locations, with the exception that David and Pat Rodenbeck have ownership positions in bars that do not and have not made any use of the Mancino's Mark and which do not sell food products bearing the Mancino Mark.

13.    Plaintiffs represent that for at least that portion of the State of Michigan that encompasses the operations of Defendants at the Approved Locations and at the Unapproved Locations, all right, title and interest in the Mancino's Mark are owned by one or more of Plaintiffs.

14.    No later than January 31, 2012, Defendants shall file for change of name for any corporation or company that owns any business other than the restaurants at the Approved Locations so as to delete any reference to "Mancino's".  After approval by the State of said name change referred to herein, the name "Mancino's" may be used by Defendants only in connection with restaurant operations located at the Approved Locations.

15.    This Consent Judgment does not abrogate, modify or replace the Mancino's-Rodenbeck/Figg Consulting Agreement, Mancino-Evart, Michigan Agreement, Covenants Agreement and Settlement Agreement (all of which are referenced in Plaintiffs' Complaint)(collectively referred to as the "Agreements").  The Agreements shall continue in full force and effect according to their terms.

16.    This Consent Judgment shall be binding upon the parties, and each of them, their owners, directors, officers, employees and agents and those acting in active concert with a party who have actual notice of this Consent Judgment and shall be treated as a permanent injunction.

17.    In the event that Plaintiff seeks post-judgment enforcement of this Consent Judgment, Plaintiff shall first provide Defendants with 10 days written notice of any alleged violation[s], except for post-judgment enforcement of this Consent Judgment related to Defendants opening any new locations that bear the Mancino's Mark or selling product for Retail Sale anywhere that bears the Mancino's Mark, in which case no notice to Defendant shall be required.  Notice for purpose of this paragraph shall be made by mailing having record of

delivery or other transmittal having independent record of delivery such as Federal Express delivery. If Defendants cure the alleged violation and provides written notice of the cure to Plaintiffs within 10 days of the original notice of alleged violation, the alleged violation shall be considered resolved. Any successful party shall be entitled to recover actual reasonable attorney fees and costs incurred in enforcing or defending against the enforcement of this Consent Judgment.

18.     Plaintiffs and Defendants shall bear their own attorney fees and costs incurred prior to entry of this Consent Judgment.

19.     This Judgment resolves all pending claims asserted in this action and all alternative causes of action that could have been alleged based on the allegations of known violations of the complaint (for example, counts for tortious interference or misappropriation), and all claims against customers of Defendants related to the allegations of the complaint.

/s/  Paul L. Maloney
Hon. Paul L. Maloney

7

**Attachment 1**



## **Attachment 2**

The Mancino's Mark modifications include use with any combination of the words "pizza" and/or "grinders"; and any combination with the generic words for restaurant, cafe or pizzeria.













The modifications to the Logo of the Mancino's Mark include use of any of the city names "Big Rapids," "Ludington" and "Fremont" added to the logos, or in place of the word "Mancino's" in the logo.

**Attachment 3**



Int. Cl.: 42

Prior U.S. Cl.: 100

## United States Patent and Trademark Office

Reg. No. 1,817,237
Registered Jan. 18, 1994

### SERVICE MARK
### PRINCIPAL REGISTER



NU-VENTURES, INC. (MICHIGAN CORPORA-
TION)
4776 NORFOLK CIRCLE
PORTAGE, MI 49002

FOR: FAST FOOD RESTAURANT SERVING
MAINLY, BUT NOT LIMITED THERETO,
PIZZA, SUB-SANDWICHES, AND ETHNIC
ITALIAN FOODS, IN CLASS 42 (U.S. CL. 100).
FIRST USE 2-1-1993; IN COMMERCE
2-1-1993.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "ITALIAN EATERY", APART
FROM THE MARK AS SHOWN.

"SAMUEL MANCINO" IS A LIVING INDI-
VIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 74-350,318, FILED 1-21-1993.

DAVID CHO, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,561,275
Registered Apr. 16, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## MANCINO'S

NU-VENTURES, INC. (MICHIGAN CORPORA-
TION)
1595 WEST CENTRE, SUITE 101
PORTAGE, MI 49024

FOR: RESTAURANT SERVICES, IN CLASS 42
(U.S. CLS. 100 AND 101).

FIRST USE 6-3-1999; IN COMMERCE 6-3-1999.

OWNER OF U.S. REG. NOS. 1,817,237 AND
2,370,003.

SEC. 2(F).

SER. NO. 76-078,613, FILED 6-22-2000.

KATHYRN WATERS-PEREZ, EXAMINING ATTOR-
NEY

**Int. Cls.: 16, 21, 29 and 30**

**Prior U.S. Cls.: 2, 5, 13, 22, 23, 29, 30, 33, 37, 38, 40, 46 and 50**

Reg. No. 2,370,003

# United States Patent and Trademark Office

Registered July 25, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## SAMUEL MANCINO'S

NU-VENTURES, INC. (MICHIGAN CORPORATION)
1595 WEST CENTRE, SUITE 101
PORTAGE, MI 49024

FOR: PAPER BAGS FOR PACKAGING; PAPER BIBS; PAPER BOXES; PAPER CONTAINERS; AND PAPER NAPKINS , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

FOR: CUPS CONTAINING SOFT DRINKS DISPENSED ON THE PREMISES FOR CONSUMPTION ON OR OFF THE PREMISES; AND PAPER AND/OR PLASTIC CUPS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

FOR: MEAT AND SAUSAGES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

FOR: BREAD AND DOUGH; AND PIZZA SAUCE, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

OWNER OF U.S. REG. NO. 1,817,237.

SER. NO. 75-546,806, FILED 9-2-1998.

ERIK PELTON, EXAMINING ATTORNEY

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,555,580
Registered Apr. 2, 2002

## SERVICE MARK
## PRINCIPAL REGISTER

## SAMUEL MANCINO'S ITALIAN EATERY

NU-VENTURES, INC. (MICHIGAN CORPORA-
TION)
1324 W. MILHAM
PORTAGE, MI 49024

FOR: FAST FOOD RESTAURANT SERVING MAINLY, BUT NOT LIMITED THERETO, PIZZA, SUB-SANDWICHES, AND ETHNIC ITALIAN FOODS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

OWNER OF U.S. REG. NO. 1,817,237.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ITALIAN EATERY", APART FROM THE MARK AS SHOWN.

THE NAME "SAMUEL MANCINO'S" IDENTIFIES A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 76-211,610, FILED 2-16-2001.

PATRICK JENNINGS, EXAMINING ATTORNEY

Int. Cls.: 16, 21 and 42

Prior U.S. Cls.: 2, 5, 13, 22, 23, 29, 30, 33, 37, 38, 40, 50, 100 and 101

Reg. No. 2,558,512

## United States Patent and Trademark Office

Registered Apr. 9, 2002

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

## SAMUEL MANCINO'S

NU-VENTURES, INC. (MICHIGAN CORPORA-
TION)
1324 W. MILHAM
PORTAGE, MI 49024

FOR: PAPER BAGS FOR PACKAGING; PAPER
BIBS; PAPER BOXES; PAPER CONTAINERS; AND
PAPER NAPKINS , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23,
29, 37, 38 AND 50).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

FOR: CUPS CONTAINING SOFT DRINKS DIS-
PENSED ON THE PREMISES FOR CONSUMPTION
ON OR OFF THE PREMISES; AND PAPER AND/OR
PLASTIC CUPS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29,
30, 33, 40 AND 50).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

FOR: FAST FOOD RESTAURANT SERVING
MAINLY, BUT NOT LIMITED THERETO, PIZZA,
SUB-SANDWICHES, AND ETHNIC ITALIAN
FOODS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-1-1993; IN COMMERCE 2-1-1993.

OWNER OF U.S. REG. NO. 1,817,237.

THE NAME "SAMUEL MANCINO'S" IDENTIFIES
A LIVING INDIVIDUAL WHOSE CONSENT IS OF
RECORD.

SER. NO. 76-211,611, FILED 2-16-2001.

PATRICK JENNINGS, EXAMINING ATTORNEY